UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22828

ERNESTO DIAZ,

    Plaintiff,

vs.

A & Y GPR SERVICE CORP,
CONSTRUCTION SOLUTIONS PRODUCTS, INC.,
ARISLEIDY HERNANDEZ, and
ERIX L. ROBAINAS SERRANO,

    Defendant.

_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Ernesto Diaz, sues Defendants, A & Y GPR Service Corp, Construction Solutions Products, Inc., Arisleidy Hernandez, and Erix L. Robainas Serrano, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Ernesto Diaz**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was a non-exempt employee of Defendants.

3.     Plaintiff consents to join in this lawsuit.

4.     **Defendant, A & Y GPR Service Corp ("A & Y"),** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its business throughout this District, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

5.     **Defendant, Construction Solutions Products, Inc. ("CSPI"),** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its business

1

throughout this District, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

6. **Defendant, Arisleidy Hernandez,** was at all times material an owner/officer/director/member of A & Y, for the time period relevant to this lawsuit. He ran A & Y's day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

7. **Defendant, Erix L. Robainas Serrano,** was at all times material an owner/officer/director/member of CSPI for the time period relevant to this lawsuit. He ran CSPI's day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

8. Defendants collectively operated as Plaintiff's "employer(s)" for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

9. All Defendants employed Plaintiff.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transacts business in this District, maintain their offices and principal place(s) of business in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

11. Defendants have been at all times material engaged in interstate commerce in the course of their provision of concrete cutting, core drilling, ground penetrating radar, construction, environmental, fueling, excavation, grading, hauling and delivery services which, traditionally, cannot be performed without using goods, materials, vehicles, heavy equipment, supplies, and equipment that have all moved through interstate commerce.

2

12. Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

13. Defendants' individual and/or aggregate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

14. Defendants cooperated/coordinated to pay Plaintiff, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, providing the tools, materials, and supplies for their workers, and providing work assignments for their workers.

15. In particular, Defendants utilize computers, computer networking equipment, radar scanning devices, core drills, concrete saws, machinery, testing equipment, motor vehicles, cellular telephones, telephones, and other materials and supplies to engage in this interstate commerce.

16. Plaintiff worked for Defendants from early June (4/5), 2020 until July 16, 2021.

17. Defendants paid Plaintiff at a rate of $20/hour for each hour that he worked.

18. Defendants would automatically deduct 30 minutes for a meal break for each day that Plaintiff worked.

19. Defendants paid Plaintiff in one check from A & Y GPR Service Corp until approximately January 2021, at which time Defendants began paying Plaintiff in two separate checks – including one from A & Y GPR Service Corp and one from Construction Solutions Products, Inc. – for the time that he worked for Defendants.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his utilizing heavy machinery, hand tools, cellular telephones, and other goods and supplies that moved through interstate commerce.

### *Liability Allegations*

22. Plaintiff regularly and routinely worked more than 40 hours in a workweek while working for Defendants.

23. Even though Plaintiff normally worked through lunch for 3-4 days each week – during which time Defendants did not provide him with 30 minutes of uninterrupted break time – Defendants nonetheless and automatically deducted a lunch break.

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. All conditions precedent were either satisfied by Plaintiff or waived by Defendants.

28. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Ernesto Diaz, demands the entry of a judgment in his favor and against Defendants, A & Y GPR Service Corp, Construction Solutions Products, Inc., Arisleidy Hernandez, and Erix L. Robainas Serrano, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Ernesto Diaz demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of August 2021.

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue

5

Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*

6

135 S<small>AN</small> L<small>ORENZO</small> A<small>VENUE</small>, S<small>UITE</small> 770, C<small>ORAL</small> G<small>ABLES</small>, F<small>LORIDA</small> 33146
<small>TEL</small> 305.230.4884 <small>FAX</small> 305.230.4844
*www.fairlawattorney.com*